IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 01-53-SLR |
| ) | |
| JAMAH GROSVENOR, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this _20th_ day of July, 2009, having considered defendant's motion for reduction of sentence and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 65) is denied for the reasons that follow:

1. **Background.** On July 24, 2001, a federal grand jury charged defendant by indictment with: (1) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("count one"); and (2) possession of cocaine base, in violation of 21 U.S.C. § 844(a). (D.I. 2) On the same date, a federal warrant was issued for defendant's arrest.

2. On April 5, 2002, the Newark, Delaware, Police Department arrested defendant near the scene of a liquor store robbery. (D.I. 15) Defendant was subsequently charged, in New Castle County Superior Court ("state court"), with: robbery; menacing; possession of a firearm during the commission of a felony; conspiracy; wearing a disguise during the commission of a felony; possession of a

deadly weapon by a person prohibited; criminal impersonation; resisting arrest; and endangering the welfare of a child ("state charges"). (*Id.*)

3. On April 8, 2002, the United States Marshal Service for the District of Delaware lodged a federal detainer against defendant. (D.I. 15) This court issued a writ of habeas corpus ad prosequendum and defendant appeared for his initial appearance before Magistrate Judge Thynge. Defendant was ordered detained, in federal custody, on May 14, 2002. (*Id.*)

4. On June 14, 2002, defendant was returned to the custody of the State of Delaware to face pending charges. On August 8, 2002, defendant was sentenced to two and a half years incarceration for violation of probation related to a 2001 conviction. (D.I. 39)

5. Defendant returned to this court on November 14, 2002, in order to enter a plea of guilty to count one of the indictment. (D.I. 46) Thereafter, he was returned to state custody to face additional charges. (D.I. 51) On December 19, 2002, defendant entered a guilty plea to state charges and was subsequently sentenced to seven years of incarceration.

6. On February 19, 2003, this court sentenced defendant to 51 months of imprisonment, 18 months to be served concurrent with his state sentence, and 3 years of supervised release. (D.I. 59) Since his sentencing, defendant has written several letters requesting, in part, that the federal detainer be removed and that he be allowed to start serving his federal sentence.[1] (D.I. 60, 68, 69, 70) Defendant also moved for

---

[1] In response to one letter, the court explained:

modification of his sentence so that the "Bureau of Prisons will drop [his] detainer and [he] will be able to move forward in [his] rehabilitation." (D.I. 80; 65) According to defendant, once the detainer is removed, he will be eligible to participate in educational programs, obtain various training certificates and be able to see his daughter.[2]

7. **Discussion.** Rule 35(a) of the Federal Rules of Criminal Procedure provides that, within seven days after sentencing, a court may correct a sentence that resulted from arithmetical, technical or clear error. The seven-day time requirement of Rule 35 is jurisdictional. *United States v. Higgs*, 504 F.3d 456, 463 (3d Cir. 2007). Generally, a district court cannot modify a term of imprisonment after it has been imposed without specific authorization. *United States v. DeLeo*, 644 F.2d 300, 301 (3d Cir. 1981). Once a sentence is imposed, the Bureau of Prisons ("BOP") is responsible for implementing the sentence. 18 U.S.C. § 3621.

8. Pursuant to 18 U.S.C. § 3582(c), a court may modify a term of imprisonment under the following circumstances: (1) a motion of the Director of the BOP in cases

---

> Essentially, the federal sentence means that the last 18 months of the state sentence and the first 18 months of the federal sentence are actually the same, resulting in your serving 33 months of the 51 months in federal custody. Because the federal detainer was lodged by the BOP and the United States Marshal Service, not the court, I am without jurisdiction to remove the detainer.

(D.I. 69)

[2]According to the U.S. Office of Probation and Pretrial Services, defendant is currently participating in the prison's Key Program, an intensive residential drug treatment rehabilitative program. After successful completion of the Key Program, defendant may consider petitioning the state sentencing court to reduce his sentence.

3

involving "extraordinary and compelling reasons" or whether the defendant is over 70 years of age; (2) where modification is expressly authorized pursuant to Fed. R. Crim. P. 35 or by statute; or (3) in certain cases where a defendant was sentenced based on a sentencing range that was subsequently lowered by the United States Sentencing Commission pursuant to 28 U.S.C. § 944(o).

9. Considering this authority against defendant's request, the court finds defendant's motion must be denied because the court lacks jurisdiction to modify his sentence. Specifically, Rule 35 provides no authority to modify the sentence because more than seven days have passed since defendant's sentence was imposed. Further, the BOP has not recommended a reduction of sentence for defendant and defendant does not seek a modification based on a change in the Sentencing Guidelines. Defendant's efforts at rehabilitation are commendable, but do not provide a basis for sentence modification. *Guerrero v. United States*, 151 F. Supp.2d 446, 449 (S.D. N.Y. 2001).

United States District Judge